**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

      Plaintiff,

v.	**MEMORANDUM OF LAW & ORDER**
	Criminal File No. 5-312 (MJD/AJB)

(1) ROBERTO RODRIGUEZ,

      Defendant.

Clifford B. Wardlaw, Assistant United States Attorney, Counsel for Plaintiff.

Roberto Rodriguez, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Roberto Rodriguez's Letter of Preservation of Claim under Johnson. [Docket No. 46] The Court will interpret Defendant's letter as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## II.   BACKGROUND

On May 18, 2006, Defendant Roberto Rodriguez pled guilty to Count One of the Indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [Docket No. 38]

1

A sentencing hearing was held on September 19, 2006.  [Docket No. 44] Based on the application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a 15-year mandatory minimum sentence applied.  The ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).  The predicate offenses for the ACCA were determined to be two Minnesota convictions for burglary in the third degree and a Minnesota conviction for assault in the second degree.  The Court sentenced Defendant to 212 months in prison, followed by 5 years supervised release.  [Docket No. 45] Defendant did not appeal his conviction or sentence.

### III.  DISCUSSION

#### A.  Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant can demonstrate that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

### B. Johnson v. United States

The ACCA provides that a 15-year mandatory minimum sentence applies to a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" and/or a "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA further defines "violent felony" as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). The clause "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as

the "residual clause." Johnson held that the residual clause of the ACCA is void for vagueness. 135 S. Ct. at 2557, 2563. The Supreme Court has further held that Johnson is retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

### C. Analysis of Rodriguez's Predicate Offenses

The Government asserts that, in light of the United States Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243, 2247-48 (2016), Rodriguez's third degree burglary convictions do not qualify as predicate convictions. See United States v. McArthur, No. 14-3335, 2017 WL 744032, at *8 (8th Cir. Feb. 23, 2017). The Government further concedes that Defendant does not have three remaining predicate convictions and, thus, is not an armed career criminal within the meaning of the statute. As a result, the statutory maximum sentence for Defendant's current conviction is 10 years. Based on Defendant's motion and the Government's request that the motion to vacate be granted, the Court grants Defendant's motion.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1.  Defendant Roberto Rodriguez's Letter of Preservation of Claim under Johnson [Docket No. 46] is **GRANTED**.

2. Judgment in the criminal case is **VACATED**, and Roberto Rodriguez shall be resentenced as soon as reasonably practicable.

3. Roberto Rodriguez shall remain in custody pending the resentencing hearing.  The Government shall issue a writ for his appearance at resentencing.

4. The U.S. Probation Office shall prepare a supplemental Presentence Investigation Report in advance of the resentencing hearing.

5. The Office of the Federal Defender is appointed to represent Defendant with regard to the resentencing.

Dated:  March 8, 2017                    s/ Michael J. Davis
                                         Michael J. Davis
                                         United States District Court